IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-38 |
| ANISA R. JOSEPH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Prince McCoy, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Anisa R. Joseph, Jared C. O'Neal, Joanie R. Fontenot, Joseph Thomas, Kate R. Lewis, and Pedro Boykin.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The plaintiff filed a second motion for a preliminary injunction and temporary restraining order. This Report and Recommendation considers the merits of the motion.

Factual Background

The plaintiff alleges he suffers from low blood sugar. On August 18, 2020, he told defendant Joseph three times between 3:30 p.m. and 5:20 p.m. that he needed to go to the medical department and requested to speak to a ranking officer, but his requests for assistance were denied. At 6:30 p.m., the plaintiff again requested to go to the medical department and speak with a ranking officer. Defendant Joseph allegedly responded, "I'm not calling nobody. Your ass will die in there." Defendant Joseph tried to take the food tray that the plaintiff had just been given and close the food

slot, but the plaintiff states that he prevented her from closing the food slot. The plaintiff alleges defendant Joseph threatened to "gas" him as she was walking away from him. After the plaintiff again asked to see a ranking officer, defendant Joseph allegedly walked back to the plaintiff's cell and sprayed him in the face with mace. Twenty minutes later, defendants Fontenot, O'Neal, Lewis, and Thomas came to the plaintiff's cell. The plaintiff claims he told the defendants that his blood sugar was low and he could not breathe, and he requested medical treatment. Defendant O'Neal allegedly told the plaintiff that they were waiting for medical assistance. Twenty minutes later, a nurse arrived and told the defendants that the plaintiff needed to be taken out of the cell, but defendant O'Neal said that the lieutenant had told them not to remove the plaintiff from his cell. The plaintiff alleges that he was not allowed to decontaminate and he was not given medical treatment for low blood sugar.

## Motion for Preliminary Injunction

The plaintiff claims that the law library supervisor scheduled his law library sessions at 8:00 a.m. for a two-week period of time. The plaintiff alleges that he is unable to attend at least some part of that session because count time is also at 8:00 a.m. Plaintiff seeks injunctive relief requiring the law library supervisor to schedule him for a later law library session.

## Discussion

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103,

1107 (5th Cir. 1991). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990).

The plaintiff requests injunctive relief requiring the law library supervisor, who is not a defendant to this action, to allow the plaintiff to attend a later law library session. In this case, the plaintiff has not demonstrated that there is a substantial threat of irreparable harm if injunctive relief is not granted. Therefore, his motion for injunctive relief should be denied.

## Recommendation

The plaintiff's motion for a preliminary injunction and a temporary restraining order should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

      SIGNED this 26th day of May, 2022.

                                            Zack Hawthorn
                                            United States Magistrate Judge